UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M. HEATHER MILLER,

        Plaintiff,

                                    Case No. 14-cv-12819
                                    Honorable Gershwin A. Drain

v.

DETROIT PUBLIC SCHOOLS, *et al.*,

        Defendants.

_____/

## ORDER GRANTING EMERGENCY MOTION TO STAY TRIAL COURT PROCEEDINGS [#77]

On May 27, 2016, this Court entered an Order granting the Plaintiff's Motion for Summary Judgment as to Liability on Count II and denied Defendants' Motion for Summary Judgment. Specifically, the Court concluded that Defendants were not entitled to qualified immunity on Plaintiff's First Amendment retaliation claim, nor were they entitled to qualified immunity on Plaintiff's claim under the Family Medical Leave Act ("FMLA"). Trial is set to commence on June 21, 2016.

Presently before the Court is Defendants' Emergency Motion to Stay Trial Court Proceedings, filed on June 6, 2016. Plaintiff filed a Response to Defendants'

-1-

motion on the same date. In their present motion, Defendants raise various reasons in support of their request for a stay of these proceedings. The only reason that requires discussion is Defendants assertion that they will seek an immediate appeal of this Court's conclusion on their defense of qualified immunity.[1]

The United States Supreme Court has recognized that an immediate interlocutory appeal is available based on the denial of a motion for summary judgment on qualified immunity grounds. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). However, where the denial of qualified immunity is based on a factual dispute, the Sixth Circuit is without jurisdiction to consider the appeal. *Skousen v. Brighton High Sch.*, 305 F.3d 520, 525 (6th Cir. 1997). As such, there is authority suggesting that a defendant's right to appeal is not absolute and a district court may certify the appeal as frivolous and proceed to trial. *See Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991). The Court has found two cases from the Eastern District of Michigan wherein the court denied the defendant's motion for stay pending appeal of the denial of qualified immunity. *See Jennings v. Fuller*, No. 13-13308, 2015 U.S. Dist. LEXIS 118096,*8-9 (E.D. Mich. Sept. 4, 2015) (denying motion to

---

[1] Defendants also argue that they have filed an appeal of the MERC decision to the Michigan Court of Appeals and the outcome of that appeal may impact the proofs in this case. Defendants' counsel further maintains that he will be in trial commencing on June 13, 2016, and this will prevent him from adequately preparing for the instant matter. The Court notes that trial in this matter has been set since November 24, 2015. Counsel should have raised his trial schedule with the Court at an earlier time than the day before the Final Pretrial Conference.

stay because the court's decision did not turn on a question of law); *see also Englar v. Davis*, No. 04-cv-73977, 2011 U.S. Dist. LEXIS 77033, *13-14 (E.D. Mich. Jul. 15, 2011) (denying motion to stay based on unresolved factual disputes that were not cured upon remand).

Here, while the Court's May 27, 2016 Order denied qualified immunity to Defendants on Plaintiff's FMLA claim based on the factual disputes in the record, it denied qualified immunity as to Plaintiff's retaliation claim on purely legal grounds. As such, the Sixth Circuit Court of Appeals will more than likely dismiss the appeal of the denial of qualified immunity on Plaintiff's FMLA claim for lack of jurisdiction since the denial was based on the existence of a genuine issue of material fact. *Skousen*, 305 F.3d at 525; *Jennings*, 2015 U.S. Dist. LEXIS 118096, at *8-9; *Englar*, 2011 U.S. Dist. LEXIS 77033, at *13-14.

However, it will be a waste of judicial resources to separately try Plaintiff's FMLA claim from the First Amendment retaliation claim because many issues with respect to damages will be identical for both claims. Moreover, the Court believes the more prudent course is to allow the Sixth Circuit Court of Appeals to address whether the denial of qualified immunity was an appealable final decision under 28 U.S.C. § 1291, rather than this Court certifying it as frivolous and proceeding to trial. *See Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994) (holding that "[t]his court

must determine its own jurisdiction and is bound to do so in every instance.") Lastly, the Court notes that the Sixth Circuit "has neither explicitly endorsed nor rejected" the procedure of certifying interlocutory appeals of the denial of qualified immunity as frivolous and proceeding to trial. *Robinson v. Barrow*, No. 1-11-cv-01609, 2012 U.S. Dist. LEXIS 38896, *3-4 n.2 (N.D. Ohio Mar. 22, 2012)

The Court has not reached this conclusion without considering the impact a stay will have on Plaintiff and her right to have the merits of her claims adjudicated in a timely manner. However, the Defendants were not dilatory in raising their qualified immunity defense and the Court is not prepared to conclude that an appeal would be wholly frivolous or undertaken for the sole purpose of delay. "The philosophical underpinning of the doctrine of qualified immunity is a desire to avoid 'the substantial costs' imposed on government, and society, by 'subjecting officials to the risk of trial.'" *Vaughn v. United States Small Business Admin.*, 65 F.3d 1322, 1326 (6th Cir. 1995).

Accordingly, Defendants' Emergency Motion to Stay Trial Court Proceedings [#77] is GRANTED. This matter is STAYED until further order of this Court. In order to expedite the appeal of this matter, Defendants shall file their Notice of Appeal <u>within seven days from the date of this Order</u>. The Court will promptly set aside the stay and proceed to trial should the Defendants fail to file a Notice of Appeal within

seven days. The Clerk of the Court shall close this case for administrative purposes only.

SO ORDERED.

Dated: June 8, 2016

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of
record on
June 8, 2016, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk